IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00841-RBJ

UNITED STATES OF AMERICA, and
STATE OF COLORADO,

        Plaintiffs,

  v.

NOBLE ENERGY, INC.,

        Defendant.

**MODIFICATION OF CONSENT DECREE TO SUBSTITUTE PARTIES AS TO CERTAIN CONSENT DECREE REQUIREMENTS**

WHEREAS, the United States of America ("United States"), the State of Colorado (the "State"), and Noble Energy, Inc. ("Noble") are parties to the Consent Decree that was approved and entered by the Court on June 2, 2015 (Doc. Nos. 15 & 16);

WHEREAS, on October 29, 2015, Noble and Bayswater Exploration & Production LLC, Bayswater Blenheim Holdings LLC, and Bayswater Blenheim Holdings II, LLC (hereinafter "Bayswater") executed a Purchase and Sale Agreement ("PSA") whereby Bayswater agreed, *inter alia*, to acquire seven of the more than 2,000 Tank Systems (and associated well production assets) subject to the Consent Decree as of the closing date of December 31, 2015, which was extended until on or before February 1, 2016 (hereinafter, the "Closing Date"). The seven Tank Systems subject to the PSA are listed in Attachment 1 titled "Bayswater Appendix A" (these seven Tank Systems, and all associated well production assets, shall be referenced hereinafter as the "Seven Tank Systems");

WHEREAS, pursuant to Paragraph 108 of the Consent Decree, Noble advised Bayswater of the existence of this Consent Decree and provided notice of the sale to the United States and the State;

WHEREAS, Paragraph 109 of the Consent Decree provides that prior to the transfer of the Seven Tank Systems to Bayswater the Consent Decree must be modified to make Bayswater a party to the Consent Decree and jointly and severally liable with Noble for all requirements of the Consent Decree applicable to the purchased Tank Systems or associated well production assets, Paragraph 111 of the Consent Decree provides that the Parties may agree to modify the Consent Decree to relieve Noble of its liability for, and make Bayswater solely responsible for, all obligations and liabilities applicable to the purchased or transferred assets, and Paragraph 115 of the Consent Decree provides that the Parties may modify terms of the Consent Decree by a written agreement, subject to the Court's approval with respect to any material changes;

WHEREAS, as shown on the Corrected Appendix A (December 29, 2015), Doc. No. 17, of the Seven Tank Systems, four are listed as having Actual Uncontrolled VOC Emissions < 50 TPY and $\geq$ 6 TPY, and three are listed as having Actual Uncontrolled VOC Emissions < 6 TPY.  The Tank Pressure Monitoring Requirements provided by Paragraph 21 of the Consent Decree, applicable respectively to 10% and 2% of the total number of Tank Systems within these two groupings, are therefore inapposite to the Seven Tank Systems being purchased by Bayswater;

WHEREAS, pursuant to Paragraphs 109 and 115 of the Consent Decree the Court's approval of this Modification is required; and

WHEREAS, each of the undersigned has reviewed and hereby consents to this Modification of Consent Decree;

NOW THEREFORE the United States, the State, Noble, and Bayswater agree that upon

the approval of the Court:

1. Following the completion of the sale of the Seven Tank Systems to Bayswater, the following Sections of the Consent Decree shall apply to Bayswater in addition to Noble with respect to the Seven Tank Systems:

   a. Section I (Jurisdiction and Venue);

   b. Section II (Applicability);

   c. Section III (Definitions) (substituting the party "Bayswater" for "Noble" in the individual definitions to the extent a definition is applicable to one of the Seven Tank Systems as outlined herein);

   d. Section V (Permits);

   e. Section XII (Force Majeure);

   f. Section XIII (Dispute Resolution);

   g. Section XIV (Information Collection and Retention);

   h. Section XV (Effect of Settlement/Reservation of Rights);

   i. Section XVI (Costs);

   j. Section XVII (Notices), with the addition that Notices to Bayswater shall be sent to the following:

   > Lynn S. Belcher
   > Executive Vice-President
   > 730 17th Street, Suite 610
   > Denver, CO   80202
   > (303) 629-8779

   k. Section XVIII (Sales of Transfer of Ownership or Operational Interests);

   l. Section XIX (Effective Date);

   m. Section XX (Retention of Jurisdiction);

       n. Section XXI (Modification);

       o. Section XXIII (Public Participation);

       p. Section XXIV (Signatories/Service), with the addition that pursuant to Paragraph 124 the signature page attached to this Stipulation includes the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of Bayswater with respect to all matters arising under or relating to this Consent Decree, and Bayswater agrees to accept service in that manner and to waive formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court, including but not limited to service of a summons;

       q. Section XXV (Integration/Headings); and

       r. Section XXVI (Final Judgment).

2. Following the completion of the sale of the Seven Tank Systems to Bayswater, pursuant to Paragraphs 111 and 115 of the Consent Decree Noble shall be relieved from its obligations and liabilities for, and Bayswater shall be solely responsible for compliance with, Section IV (Injunctive Relief), Section X (Periodic Reporting), Section XI (Stipulated Penalties), and Section XXII (Termination) of the Consent Decree as to the Seven Tank Systems except as specifically provided in Paragraphs 3 through 11 which follow.

3. With respect to Tank Systems 586, 1437, and 1630 (the "Three Tank Systems"), Noble shall remain responsible for compliance with Paragraph 9 (Engineering Design Standard), Paragraph 10 (Vapor Control System Engineering Evaluation), Paragraph 11 (Vapor Control System Modification), Paragraph 12 (Vapor Control System Verification), Paragraph 14 (AIRS Identification Numbers), Paragraph 15 (Evaluation of PRVs and Thief Hatches) and Paragraph 20

(Third-Party Verification) of the Consent Decree. Noble shall provide to Bayswater a copy of the applicable "certification of completion report" containing information pursuant to Paragraph 12 on the Three Tank Systems, and the section of the January 30, 2016 Semi-Annual Report containing information pursuant to Paragraphs 14 and 15 on the Three Tank Systems upon the submission of the same to the United States and the State. Noble shall also provide to Bayswater the applicable section of the Final Audit Report addressing the Three Tank Systems at the time of posting. Should Noble fail to comply with any of the requirements of Paragraphs 9, 10, 11, 12, 14, 15, or 20 of the Consent Decree applicable to the Three Tank Systems, Noble shall remain responsible for any Stipulated Penalties associated with Noble's acts or omissions that occurred during the period of Noble's ownership, and after the Closing Date Bayswater shall provide Noble access to the Three Tank Systems, and related Vapor Control Systems and all relevant operational or other data, so that the requirements of Paragraphs 9, 10, 11, 12, 14, 15, 17, and 20 may be fully met.

4. With respect to any of the Seven Tank Systems currently subject to Paragraph 17 (Periodic Inspection and Monitoring), Noble shall remain responsible for compliance with Paragraph 17 until the Closing Date and for any Stipulated Penalties associated therewith for Noble's actions or omissions that occurred during its period of ownership.

5. The United States, State, and Bayswater agree that Bayswater shall apply Noble's May 2015 (Rev. 2) Modeling Guideline required by Paragraph 8 (Development of a Modeling Guideline), until such time, if ever, that consistent with the requirements of the Consent Decree Bayswater may submit an updated Modeling Guideline for review and comment by EPA and CDPHE.

6. The United States, State, and Bayswater agree that Bayswater shall implement Noble's July 30, 2015 Directed Inspection and Preventive Maintenance Plan required by

Paragraph 16 (Directed Inspection and Preventive Maintenance Program), until such time, if ever, that consistent with the requirements of the Consent Decree Bayswater may submit a revised DI/PM program for review and comment by EPA and CDHPE.

      7.     Bayswater shall meet the requirements of Paragraph 20 (Third-Party Verification) as to the audit required in calendar year 2018 for Tank Systems 90, 214, 962, and 2162.

      8.     Bayswater shall assume no obligations or liabilities with respect to the requirements of Paragraph 7 (Cross-Section Sampling Analysis) and Paragraph 21 (Tank Pressure Monitoring).

      9.     As to Section X (Periodic Reporting), Bayswater's first semi-annual report shall be due July 30, 2016, and Bayswater shall assume no obligations or liabilities with respect to the requirements of Paragraph 59 (End of Phase Reports).

      10.     As to Section XI (Stipulated Penalties), Plaintiffs cannot collect duplicative penalties against each Bayswater entity subject to the Consent Decree for violations of the same requirement of the Consent Decree.

      11.     As to Section XXII (Termination), with the exception of obligations or liabilities specifically retained by Noble pursuant to Paragraph 2 above, Noble shall have no further obligations or liabilities under the Consent Decree for the Seven Tank Systems and any Request for Termination sent by Noble to the United States and the State shall not include the Seven Tank Systems. Bayswater shall file a Request for Termination for the Seven Tank Systems consistent with the requirements of Section XXII, except that the following shall not be a condition of termination: Section VI (Environmental Mitigation Projects), Section VIII and IX (Supplemental Environmental Projects/State-Only SEPs), and payment of any civil penalty or stipulated penalty by Noble.

Dated and entered this 26th day of January, 2016

_____
R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____
JEREL ("JERRY") ELLINGTON
MARK C. ELMER
Senior Counsel
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
(303) 844-1363 (PHONE)
(303) 844-1350 (FAX)
Jerry.L.Ellington@usdoj.gov
Mark.Elmer@usdoj.gov

OF COUNSEL:

VIRGINIA SORRELL
Air Enforcement Division
Office of Civil Enforcement
U.S. Environmental Protection Agency
1595 Wynkoop Street
Denver, Colorado 80202-1129

FOR THE STATE OF COLORADO, ON BEHALF OF
THE COLORADO DEPARTMENT OF PUBLIC
HEALTH AND ENVIRONMENT

CYNTHIA COFFMAN
Attorney General
State of Colorado

_____

THOMAS A. ROAN
First Assistant Attorney General
Air Quality Unit
Natural Resources and Environment Section
Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 7th Floor
Denver, Colorado 80203
(303) 508-6000 (PHONE)
(303) 508-6039 (FAX)


FOR NOBLE ENERGY, INC.

_____

DENEE A. DILUIGI
Counsel
Noble Energy, Inc.
1625 Broadway, Suite 2200
Denver, Colorado 80202
(303) 228-4251 (PHONE)
(303) 228-4293 (FAX)
denee.diluigi@nblenergy.com

FOR BAYSWATER EXPLORATION & PRODUCTION, LLC / BAYSWATER BLENHEIM HOLDINGS, LLC / BAYSWATER BLENHEIM HOLDINGS II, LLC

_____

STEPHEN M. STRUNA
President
Bayswater Exploration & Production, LLC
730 17th Street, Suite 610
Denver, CO   80202
(303) 839-2503 (PHONE)
SStruna@bayswater.us


BAYSWATER AGENT FOR
SERVICE OF PROCESS:

STEPHEN MICHAEL STRUNA
730 17th Street, Suite 610
Denver, Colorado 80202
(303) 893-2503